UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA MULVIHILL,

                              Plaintiff,

                                                        <u>DECISION AND ORDER</u>

                                                        13-CV-6268L

                v.

STATE OF NEW YORK,

                              Defendant.
_____

## INTRODUCTION

Plaintiff, Donna Mulvihill, proceeding *pro se*, commenced this action on May 24, 2013. The original complaint names a single defendant, the State of New York ("State").

Mulvihill's claims are generally based on certain actions of the Child Protective Services ("DPS") unit of the Ontario County Department of Social Services ("DSS") and its employees. Plaintiff alleges that those actions (which need not be recited for purposes of this Decision and Order) violated her Fourth Amendment constitutional rights. She also alleges claims under state law for intentional infliction of emotional distress, harassment, and defamation. Plaintiff seeks five million dollars in damages.

The State has moved to dismiss the complaint pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure, on the grounds of insufficient service of process and failure to state a claim, respectively. The State contends that plaintiff failed to serve a copy of the summons along with the complaint, and that the State is immune from suit under the Eleventh Amendment to the United States Constitution.

Plaintiff then moved on June 6, 2013 for leave to file an amended complaint. (Dkt. #6.) The proposed amendment would not have altered plaintiff's substantive allegations, but would have substituted "NYS/DSS" for the State as the defendant. Plaintiff also sought to add as defendants Judge Craig Doran, Attorney Holly Adams, DSS/CPS director Matt Grant, CPS Director Rhonda Peterson and CPS case worker Russ Standish. In her accompanying response to the motion to dismiss (Dkt. #7), plaintiff also conceded that her claims against the State were barred by the Eleventh Amendment.

The State opposed the motion to amend (Dkt. #9), on various grounds, one of which is that there is no such entity as "NYS/DSS". Plaintiff then moved again for leave to file an amended complaint (Dkt. #11), this time seeking to name "Ontario County DSS" as defendant instead of NYS/DSS.

## DISCUSSION

At the outset, I note that the State's original motion to dismiss is well founded. It is clear that plaintiff's claims against the State are barred under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Simmons v. Gowanda Corr. Facility*, 13-CV-647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013). *See also Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.,* 466 F.3d 232, 236 (2d Cir. 2006) ("Although the Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has been interpreted also to bar federal suits against state governments by a state's own citizens").

As stated, plaintiff has moved–twice–for leave to amend the complaint to add new defendants. In its most recent iteration, plaintiff's motion would add several individual defendants, and substitute Ontario County DSS for the State.

In general, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, a district court "should not dismiss [a *pro se* plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Smith v. United States*, 12-CV-846, 2012 WL 6597835, at *3 (N.D.N.Y. Dec. 18, 2012) (quoting *Gomez v. USAA Fed. Sav. Bank*, 177 F.3d 794, 795 (2d Cir. 1999)). Leave to amend may be denied, however, where the requested relief would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Leave to amend would be futile if the proposed amended pleading would be subject to dismissal. *Doyle v. United Airlines, Inc.*, ___ F.Supp.2d ___, 2012 WL 6641666, at *6 (E.D.N.Y. 2012).

With respect to plaintiff's request to substitute Ontario County DSS for the State, I note that while "[t]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state, [i]t does not, however, extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." *Woods*, 466 F.3d at 236 (internal quotes and citations omitted). Thus, plaintiff's claims against Ontario County DSS would not be barred by the Eleventh Amendment.

Nevertheless, "Ontario County DSS" is not a proper defendant. "In New York, agencies of a municipality are not suable entities" because "[u]nder New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued." *Omnipoint Comm'ns, Inc. v. Town of LaGrange*, 658 F.Supp.2d 539, 552 (S.D.N.Y. 2009). *See, e.g.*, *Schweitzer v. Crofton*, 08-CV-135, 2013 WL 1208999, at *15 (E.D.N.Y. Mar. 25, 2013) ("Plaintiffs' claim against the Suffolk County Department of Social Services must be dismissed because it is not a suable entity"); *Pierce v. Chautauqua County*, No. 06-CV-644, 2007 WL 2902954, at *3 (W.D.N.Y. Sept. 28, 2007) ("since the Chautauqua County Sheriff's Department and DSS are merely administrative arms of Chautauqua County, the claims against them must be dismissed").

To the extent that plaintiff seeks to assert her claims against a governmental entity, the proper defendant would be Ontario County ("County") itself.  *See*, *e.g.*, *In re Dayton*, 766 F.Supp.2d 809, 819 (S.D.N.Y. 2011); *Nuri v. County of Westchester*, No. 05 Civ. 2346, 2007 WL 1225125, at *2 (S.D.N.Y. Apr. 25, 2007).  Whether plaintiff can actually state a viable claim against the County depends on whether she can show that the challenged actions of its employees were taken pursuant to a custom or policy of the County, *see Pierce*, 2007 WL 2902954, at *7 (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)), but that issue is not before me at this time.

With respect to the proposed claims against the individual defendants, it is clear that the claim against Judge Doran would be subject to dismissal under the doctrine of judicial immunity, which bars suits for damages based on a judge's acts taken in his judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Renner v. Stanton*, 13-CV-01676 DLI, 2013 WL 1898389, at *3 (E.D.N.Y. May 7, 2013); *McKnight v. Middleton*, 699 F.Supp.2d 507, 525 (E.D.N.Y. 2010), *aff'd*, 434 Fed.Appx. 32 (2d Cir. 2011).  There is nothing here to suggest that Judge Doran's acts were taken outside his judicial capacity, or in the complete absence of jurisdiction, *see Mireles*, 502 U.S. at 11-12, and therefore plaintiff may not assert a claim against Judge Doran.

As to the remaining defendants, it appears that plaintiff may be able to state a facially valid claim against them.  The Court will therefore grant plaintiff leave to amend her complaint to assert claims against those defendants, as set forth in the Conclusion of this Decision and Order.

## CONCLUSION

The motion to dismiss (Dkt. #4) filed by defendant State of New York is granted, and the claims against the State of New York are dismissed.

Plaintiff's motions for leave to file an amended complaint (Dkt. #6 and #11) are granted in part and denied in part.  Plaintiff may file an amended complaint no later than **August 15, 2013**, asserting claims against Ontario County, Holly Adams, Matt Grant, Rhonda Peterson and Russ Standish.  This amended complaint must replace completely all prior complaints.

Plaintiff is also advised that she must effect proper service upon all the defendants in accordance with Rules 4(c), 4(e) and 4(j) of the Federal Rules of Civil Procedure, as well as any applicable provisions of Article 3 of the New York Civil Practice Law and Rules.  If plaintiff has any questions about her obligations in that regard, she may direct those questions to this Court's Pro Se Office at (585) 613-4000.

Plaintiff is further advised that if she fails to file an amended complaint as set forth herein, or if she fails to effect proper service, her action will be subject to dismissal with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　July 29, 2013.