UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA MULVIHILL,

                      Plaintiff,

                                                          DECISION AND ORDER

                                                          13-CV-6268L

            v.

ONTARIO COUNTY,
HOLLY ADAMS,
RUSS STANDISH,

                      Defendants.
_____


Plaintiff, Donna Mulvihill, proceeding *pro se*, commenced this action on May 24, 2013. Plaintiff asserts several federal and state law claims against Ontario County ("County") and four individual defendants. Those claims arise out of certain actions of the Child Protective Services ("CPS") unit of the Ontario County Department of Social Services ("DSS") and its employees, in connection with an investigation of suspected neglect of plaintiff's minor children.

On February 13, 2014, the Court issued a Decision and Order ("dismissal order") (Dkt. #27), granting in part and denying in part defendants' motion to dismiss the complaint (Dkt. #15). The Court dismissed the claims against defendants Rhonda Peterson and Matt Grant, but allowed plaintiff to proceed on her first cause of action against defendants Holly Adams, Russ Standish, and Ontario County ("County").

That decision was based in part on evidence that defendants Adams and Standish had withheld certain relevant information from Supreme Court Justice Craig J. Doran, who signed the

order ("access order") granting defendants access to plaintiffs' home.  *See* Dkt. #27 at 15.  It was that entry into plaintiff's home that primarily gave rise to this lawsuit.

Defendants have now moved under Rule 59(e) of the Federal Rules of Civil Procedure for "reconsideration" of the Court's February 13 dismissal order.[1]  (Dkt. #28.)  Defendants contend that the record shows that Judge Doran did in fact receive and consider all the relevant information before he signed the order authorizing the entry into plaintiff's home.  Plaintiff has responded to the motion.  (Dkt. #30.)

Having considered both sides' submissions, I grant defendants' motion in part, and dismiss the complaint as to defendants Adams and Standish.  As stated, in their motion for reconsideration, defendants have pointed out evidence in the record that prior to signing the access order, Judge Doran did receive and review submissions from an attorney, on behalf of plaintiff, disputing the basis for defendants' application for the access order.  In general, those submissions related to whether plaintiff's children were receiving a legally sufficient education.

While this evidence was not well identified in defendants' prior papers in support of their motion to dismiss, it does appear that Judge Doran did receive and review this information prior to issuing the access order.  *See* Dkt. #18-5, Dkt. #13 at 5.  That information apparently was presented to Judge Doran not by defendants, but by an attorney from Liberty Counsel, a self-described "national public interest law firm specializing in constitutional law, particularly free speech, religious freedom and church-state matters," Dkt. #18-1 at 2.  That attorney was assisting, if not formally representing, plaintiff at that time.

As stated in this Court's prior dismissal order, in addressing a Fourth Amendment claim based on the omission of arguably relevant information in a warrant application, the Court applies a "corrected affidavit" analysis, which affords a defendant qualified immunity if a hypothetically

---

[1] The Federal Rules of Civil Procedure do not provide for a motion "to reconsider." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); *Sanders v. Clemco Indus.*, 862 F.2d 161, 170 (8th Cir. 1988).  Rather, Rule 59(e) permits a party to file a motion "to alter or amend a judgment."

"corrected" affidavit, *i.e.*, an affidavit containing the missing information, would have supported a reasonable officer's belief that probable cause existed. *Martinez v. City of Schenectady*, 115 F.3d 111, 115 (2d Cir. 1997); *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994).

In the case at bar, given the evidence that has now been brought to this Court's attention, it is clear that there is no need to apply the corrected-affidavit doctrine. Judge Doran was apparently aware of the relevant facts at the time that he signed the access order. In effect, Judge Doran had before him a "corrected" affidavit, in the sense that the information missing from the affidavit had been supplied to him, from another source.

Thus, defendants' alleged failure to include this information when they submitted their application for the access order was not material. Had defendants included in their application all the relevant information about plaintiff's children and the education that they had been receiving, Judge Doran would still have signed the order. The omission of this information therefore did not prejudice plaintiff, and defendants Adams and Standish are entitled to qualified immunity for their actions. *See Messerschmidt v. Millender*, __ U.S. __, 132 S.Ct. 1235, 1250 (2012); *United States v. Needham*, 718 F.3d 1190, 1194 (9th Cir. 2013).

As to the County, it is well established that qualified immunity is not available to municipal entities. *See Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013). The Court's decision as to the individual defendants, then, does not affect my prior decision as to the County, in which I held that plaintiff had stated a facially valid claim against the County, based primarily on Standish's alleged statement to plaintiff that "Ontario County DSS/CPS policy's protocol requires a CPS case worker to do a full investigation regardless if the original complaint is obviously false." *See* Dkt. #27 at 19; Complaint at 2 ¶ 4. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993) (stating that prior Supreme Court "decisions make it quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit–either absolute or qualified–under § 1983"); *Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008) (noting

that "a municipality may not assert qualified immunity based on its good faith belief that its actions or policies are constitutional").

As I stated in my prior decision,

> To the extent that Standish allegedly stated that he was acting pursuant to a County policy, and that the policy required a "full investigation" even in the face of an "obviously false" complaint or report, I believe that plaintiff has stated a facially valid [Fourth Amendment] claim against the County. Whether that claim can survive summary judgment or other dispositive motions remains to be seen, but at this stage I will deny the County's motion to dismiss this claim.

Dkt. #27 at 19-20.[2]

## CONCLUSION

Defendants' motion for reconsideration (Dkt. #28) of its Decision and Order (Dkt. #27) granting in part and denying in part defendants' motion to dismiss (Dkt. #15) is granted in part and denied in part. Plaintiff's claims against defendants Holly Adams and Russ Standish are dismissed. In all other respects, defendants' motion for reconsideration is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 8, 2014

---

[2] I also note that in a recent letter to this Court, plaintiff has asserted that the Court's sealing of certain documents in this case has "hid[den] the truth from those viewing this case." The Court has ordered some documents to be sealed, but only to protect the privacy of plaintiff's minor children, who are named in those documents. *See Falinski v. Kuntz*, 38 F.Supp.2d 250, 252 n.1 (S.D.N.Y. 1999).