UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA MULVIHILL,

                            Plaintiff,

                                                                     DECISION AND ORDER

                                                                        13-CV-6268L

              v.

ONTARIO COUNTY,

                            Defendant.
_____

Plaintiff, Donna Mulvihill, proceeding *pro se*, has brought several federal and state law claims against Ontario County, New York ("County").[1] Those claims arise out of certain actions of the Child Protective Services unit of the Ontario County Department of Social Services and its employees, in connection with an investigation of suspected neglect of plaintiff's minor children.

Currently pending before the Court are the County's motions to compel discovery (Dkt. #41) and its motion to dismiss the complaint for lack of prosecution (Dkt. #46). For the following reasons, the motion to dismiss is granted, and the motion to compel is denied as moot.

---

[1] Plaintiff's claims against four individual defendants have been dismissed by the Court. *See* 2014 WL 1843463 (W.D.N.Y. May 8, 2014).

**DISCUSSION**

The County's motion to dismiss is based on plaintiff's response to the County's earlier motion to compel discovery. In that prior motion, the County sought an order directing plaintiff to comply with her discovery obligations under Rule 26 of the Federal Rules of Civil Procedure, pursuant to this Courts' scheduling order entered by Magistrate Judge Marian W. Payson on June 24, 2014 (Dkt. #36).

In her response to the motion to compel, plaintiff stated that she "is not responding" to defendant's attorney, for a host of reasons, none of which have merit or excuse her failure to provide discovery. Plaintiff's position can best be summed up in her own words: that she is convinced that "there [will] never be justice via the court system in the state of New York," and that therefore, she "will not be responding to any 'requests'" issued by this Court. Dkt. #45 at 2. Plaintiff goes on to articulate various other reasons why she will not provide discovery, mostly connected with her belief that this Court is corrupt and that this is symptomatic of a broader problem involving "how horrible a country becomes when the queers are in power." *Id.* at 2, 5.

The Court of Appeals for the Second Circuit has identified "five principal factors" which a court should consider in determining whether to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94.

After considering these factors, I find that dismissal is appropriate here. This case does not involve a simple delay in providing discovery, but an outright refusal, by a plaintiff who has made it

quite clear that she does not intend to provide discovery in this action, now or ever. It has been several months since such discovery was due, and plaintiff has been put on notice by virtue of the County's motion that she is facing dismissal of her complaint. She has opted not to comply with her discovery obligations under the Federal Rules and this Court's orders, and there is no reason to think, on the record before me, that any lesser sanction than dismissal would prove efficacious. Defendant's motion to dismiss is therefore granted.

## CONCLUSION

Defendant's motion to dismiss the complaint for lack of prosecution (Dkt. #46) is granted, and the complaint is dismissed. Defendant's motion to compel discovery (Dkt. #41) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 17, 2014